**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


JOHN JEFFERY CAST,

        Plaintiff-Appellant,

v.

COURT EXECUTIVE OFFICER OF
SONOMA COUNTY SUPERIOR
COURT,

        Defendant-Appellee.

No.   18-15960

D.C. No. 3:16-cv-07334-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted December 3, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit
Judges.

    John Cast appeals the district court's order dismissing Mr. Cast's suit against

the Court Executive Officer (CEO) of the Superior Court of Sonoma County,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

California.  Because the parties are familiar with the facts, we need not recount them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's order granting a motion to dismiss de novo.  *N. Cty. Cmty. All., Inc. v. Salazar*, 573 F.3d 738, 741 (9th Cir. 2009).  We take as true all factual allegations in Mr. Cast's complaint, and construe them in the light most favorable to him.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

The Eleventh Amendment bars suits against State officials acting in their official capacities.  *Kentucky v. Graham,* 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."  *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  "By contrast, officers sued in their personal capacity come to court as individuals."  *Id.*  In making an analysis as to whether an individual defendant is sued in an official or personal capacity, we look "to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."  *Id.* at 26.

Here, the plaintiff did not sue any individual person, nor was any individual served with process.  Rather, the suit was filed generically against the CEO, or

2

perhaps several CEO's, without naming any individual actor or actors. Service of process was accomplished only on the governmental entity. Thus, there is no person involved in this action who is before the court as an individual. Further, the complaint itself refers in several paragraphs to "the government's action" with a parenthetical reference to the CEO, using the references interchangeably. Given the failure of the complaint to allege a cause of action against any specific individual who would appear in a personal capacity, lack of service of process on any individual, and with only generic claims against the office of the CEO, the allegations of the complaint can only be construed as a suit against government employees in their official capacities, and thus barred by the Eleventh Amendment. Given this resolution, we need not--and do not--reach any other issue urged by the parties.

**AFFIRMED.**